UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.


KEVIN FISHER,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, KEVIN FISHER ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, WELLS FARGO BANK, N.A. ("Defendant"), and alleges the following:

### **JURISDICTION, VENUE, PARTIES AND JURY DEMAND**

1. This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which is within this Honorable Court's original, federal question jurisdiction pursuant to 28 U.S.C. § 1331, and for state law claims within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the Defendant regularly conducts business in Broward County, Florida, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

3. Plaintiff, at all times material to this lawsuit, is a resident of Leon County, Florida.

4.  Defendant is a national banking institution which does substantial and not isolated business in Broward County, Florida and/or otherwise within the jurisdiction of the Southern District of Florida.

5.  Defendant is subject to personal jurisdiction in this District and in this Court pursuant to Florida Statutes §48.193, in that it conducts substantial and not isolated business within the Southern District of Florida and otherwise has sufficient contacts within Florida and this District upon which to support personal jurisdiction, and because subjecting it to personal jurisdiction in this District does not otherwise offend traditional notions of fair play and substantial justice.

6.  **JURY DEMAND:** Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment to the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

7.  Plaintiff incurred a debt or obligation to pay money arising out of a transaction in which money, property, insurance or services, which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  Specifically, Plaintiff incurred the debt in the purchase of real property located in Broward County, Florida, bearing the street address of 6236 SW 27th Street, Miramar, FL 33023 (the "Property").

8.  On September 30, 2016, Defendant filed a foreclosure lawsuit in the matter styled: *Wells Fargo Bank, N.A. v. Kevin Fisher et al.*, In The Circuit Court of the Seventeenth Judicial Circuit, In and For Broward County, Florida, Case Number: 16-18078 ("Foreclosure Action").

9.  On or about November 10, 2016, Attorney Holiday H. Russell filed a Notice of Appearance on behalf of the Plaintiff in the Foreclosure Action.  Attorney Russell remains counsel of record in said case.

10. On February 6, 2017, undersigned counsel filed a Notice of Appearance of Co-Counsel in the Foreclosure Action on behalf of Plaintiff and remains counsel of record.

11. At all times material hereto, Defendant had actual and/or constructive knowledge that Plaintiff was represented by legal counsel with respect to the debt relevant herein.

12. Since November 10, 2016, Defendant has sent numerous monthly communications attempting to collect on a debt to Plaintiff *directly* at his residential address in violation of FDCPA and Florida Consumer Collection Practices Act ("FCCPA") knowingly and/or where Defendant could have discovered the name and address of Plaintiff's counsel as defined by statute, that Plaintiff was represented by legal counsel with respect to such debt.

13. Plaintiff has been the subject of collection activity.  The specific activity consisted of communications and statements sent to Plaintiff by Defendant at his home address listed hereinabove.

14. Additionally, Defendant sent communications to Plaintiff misrepresenting the amounts relating to, *inter alia*, attorney's fees, costs and advances which are incorrect.   More specifically, upon information and belief, the mortgage statements sent to Plaintiff contained false and misleading information as to the amount of legal fees, costs and advances paid by Defendant to its legal counsel in the Foreclosure Action in violation of 15 U.S.C. 1692(e)(2)(A).

15. Defendant's principal business is the lending of funds, servicing of loans and the collection of debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed

or due or asserted to be owed or due.  Defendant is a "debt collector" as defined by Fair

Debt Collection Practices Act, 15 U.S.C. § 1692-1692p., and Florida Statute §559.55(7).

Upon information and believe, Defendant is the servicer of Plaintiff's mortgage loan.


**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692-1692p**

16. Plaintiff realleges and incorporates by reference paragraphs 1 through 15 as if fully set

forth herein.

17. This is an action against Defendant for violation of the Fair Debt Collection Practices Act,

15 U.S.C. § 1692-1692p. ("FDCPA").

18. Defendant, upon information and belief, is a debt collector within the meaning of the

FDCPA, because it was the servicer of the note and mortgage on the Property.

19. Defendant is in violation of 15 U.S.C. § 1692(c)(a)(2) for directly communicating with

Plaintiff via written correspondence in connection with the collection of a consumer debt

evidenced by the note and mortgage on the Property, and it did so knowing that Plaintiff

was at the time of each correspondence represented by an attorney with respect to such

debt, and it had knowledge of or could readily ascertain such attorney's name and address

from the pleadings and correspondence and other documents in the Foreclosure Action.

20. The actions of Defendant as alleged herein and to be proven at trial, constitute a violation

of the Fair Debt Collection Practices Act sufficient to warrant liability under 15 U.S.C. §

1692(k).

21. The actions of the Defendant as alleged herein were accomplished with such intentional

misconduct and/or gross negligence as to warrant an award of punitive damages against it

to the maximum extent permitted by law based on the level of intent and knowledge of the Defendant.

**WHEREFORE**, Plaintiff demands entry of judgment against Defendant, for actual damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3), pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

**COUNT II**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692(e)(2)(A)**

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

23. This is an action against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p. ("FDCPA").

24. Defendant, upon information and belief, is a debt collector within the meaning of the FDCPA, because it was the servicer of the note and mortgage on the Property.

25. Defendant sent communications to Plaintiff misrepresenting the amounts relating to, *inter alia*, attorney's fees, costs and unpaid advances.   More specifically, upon information and belief, the mortgage statements sent to Plaintiff contained false and misleading information as to the amount of legal fees paid by Defendant to its legal counsel in the Foreclosure Action in violation of 15 U.S.C. § 1692(e)(2)(A).

26. The actions of Defendant as alleged herein and to be proven at trial, constitute a violation of the Fair Debt Collection Practices Act sufficient to warrant liability under 15 U.S.C. § 1692(k).

27. The actions of the Defendant as alleged herein were accomplished with such intentional misconduct and/or gross negligence as to warrant an award of punitive damages against it to the maximum extent permitted by law based on the level of intent and knowledge of the Defendant.

**WHEREFORE**, Plaintiff demands entry of judgment against Defendant, for actual damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3), pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

**COUNT III**
**VIOLATION OF THE FLORIDA CONSUMER PRACTICES ACT**
**FLORIDA STATUTE §559.72 (9)**

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

29. This is an action against Defendant for violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, et seq. ("FCCPA").

30. Defendant and its agents' acts and omissions as described constitute numerous and multiple violations of the FCCPA.  Specifically, the Defendant has sent communications, i.e. mortgage statements and correspondences related to the debt directly to Plaintiff in which the Defendant is attempting to enforce a debt and where the debt is not correctly stated in such communications.  Specifically, the amounts on the mortgage statements relating to attorney's fees, costs and advances are incorrect.

31. The actions of the Defendant as alleged herein were accomplished with such intentional misconduct and/or gross negligence as to warrant an award of punitive damages to the

maximum extent permitted by law based on the level of intent and knowledge of the Defendant.

**WHEREFORE**, Plaintiff demands entry of judgment against the Defendant, for actual damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to Florida Statutes § 559.77, pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

## COUNT IV
## <u>VIOLATION OF THE FLORIDA CONSUMER PRACTICES ACT</u>
## <u>FLORIDA STATUTE §559.72 (18)</u>

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

33. This is an action against Defendant for violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, et seq. ("FCCPA").

34. Defendant is in violation of Fla. Stat. §559.72(18) for directly communicating with Plaintiff via written correspondence in connection with the collection of a consumer debt evidenced by the note and mortgage on the Property, and it did so knowing that Plaintiff was at the time of each correspondence represented by an attorney with respect to such debt, and it had knowledge of or could readily ascertain such attorney's name and address from the pleadings and correspondence and other documents in the Foreclosure Action.

35. The actions of the Defendant as alleged herein were accomplished with such intentional misconduct and/or gross negligence as to warrant an award of punitive damages to the maximum extent permitted by law based on the level of intent and knowledge of the Defendant.

**WHEREFORE**, Plaintiff demands entry of judgment against the Defendant, for actual

damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to Florida Statutes § 559.77, pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

Dated June 5, 2018

Respectfully submitted,

**FARROW LAW, P.A.**

Attorneys for Plaintiff
4801 S. University Drive, Suite 132
Davie, Florida 33328
Telephone:      (954) 252-9818
Facsimile:       (954) 252-9821
jay@farrowlawfirm.com

BY: */s/Jay Lewis Farrow*
    JAY LEWIS FARROW, ESQ.
    Florida Bar Number: 625213

9